## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 08-02939-TLM |
| JAMES M. JONES ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| _____ ) | |

### MEMORANDUM OF DECISION

**INTRODUCTION**

On December 26, 2008, James M. Jones ("Debtor") filed this chapter 13 case. On January 26, 2009, the Kenneth J. and/or Marcia M. Hills Profit Sharing Plan ("Hills") filed a motion asking that the § 362(a)[1] stay be terminated, annulled and/or modified. *See* Doc. No. 24 ("Motion"). The Motion contained numerous typographical and formatting errors, and lacked notices and omitted documentation required by local rule. *See* LBR 4001.2(b), (g). Hills then filed an amended motion on February 2, 2009, correcting such errors and deficiencies. *See* Doc. No. 28 ("Amended Motion"). Debtor objected to the Amended Motion. *See* Doc. No. 31. Following a preliminary hearing on March 2, the Amended Motion

---

[1] Unless otherwise indicated, all citations to chapter or section are to the Bankruptcy Code, Title 11, U.S. Code, §§ 101-1532.

MEMORANDUM OF DECISION - 1

was brought on for final hearing on March 30, and was continued to and concluded on April 3, 2009.

This Decision constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052, 9014.

**BACKGROUND AND FACTS**

The evidence establishes the following.[2]

Debtor is over 62 years of age. He previously practiced as an attorney in California and Utah, but ceased doing so in 1979 when he became disabled. He does some consulting and legal research, which supplements his disability income.

Debtor presently resides at 3426 Hillcrest Drive in Boise, Idaho (the "Property"). The Property has been in Debtor's family for some time. It was previously owned by Debtor's mother, Caroline Jones, but Debtor lived there from 1961 to 1970, and then again from 1994 to the present.

Caroline Jones placed a "reverse mortgage" on the Property and, when she died in 2004, Debtor inherited the Property subject to that mortgage interest. The Property was also subject to a large Medicaid lien. A lengthy dispute followed over the respective priority and satisfaction of those claims.

Debtor filed a 2006 chapter 13 case to deal with these claims. *See* Case No.

---

[2] These findings of fact include the information contained in the "statement of undisputed facts" the parties presented at the outset of March 30 hearing, what was discussed in witnesses' testimony, and information gleaned from documents admitted into evidence.

MEMORANDUM OF DECISION - 2

06-00019-JDP (the "First Bankruptcy").[3] The First Bankruptcy lasted from January 17, 2006 through January 26, 2007, when it was dismissed on Debtor's § 1307(b) motion. No plan was ever confirmed in that case. The interests of the reverse mortgagee ("Celink") still existed as of the date of that dismissal.

Debtor contacted a mortgage and real estate broker, John Arant, to obtain financing to satisfy Celink's interest. However, no traditional financing could be arranged. A trustee's sale under the Celink deed of trust was scheduled for April 22, 2008.

Ultimately, the broker located Hills, who had funds it could invest in real property. An arrangement was reached by which Debtor would sell and convey the Property to Hills, but he would receive an option to repurchase it.

On April 21, 2008, Debtor transferred the Property to Hills by Warranty Deed. *See* Cr. Ex. A. Debtor personally prepared that document. It was recorded that same day.

In addition to transferring title to the Property to Hills, this Deed provided Debtor "the right . . . to repurchase said premises on or before the 22nd day of October 2008" for the sum of $200,175.00. The Deed also asserted that, as of April 21, 2008, the Celink reverse mortgage was in the amount of $166,882.34.

---

[3] The parties discussed the history of Debtor's bankruptcy filings in this District. The Court takes judicial notice of its files, records and dockets, *see* Fed. R. Evid. 201, in order to provide an accurate recitation of what was filed and when, and to clarify ambiguities in the parties' testimony and arguments.

MEMORANDUM OF DECISION - 3

*Id.* Hills paid that amount to Debtor, and it was used to satisfy the Celink debt prior to the scheduled April 22 trustee's sale.

Debtor testified that the October, 2008, date used for the option was driven by his turning 62 years of age in August, 2008, and his anticipation that after reaching that age he could qualify for his own reverse mortgage, which he would use to fund the repurchase.[4]  Mr. Hills testified that he had no knowledge of the details regarding the reverse mortgage process, and that Debtor was the one to establish the various "target" dates, including the October 22, 2008, option deadline.

On October 21, 2008, Debtor filed another chapter 13 case, Case No. 08-02356-JDP (the "Second Bankruptcy").  He testified that, because of delays in implementation of federal legislation and regulations, he was unable to obtain his anticipated reverse mortgage in time to meet the deadline for exercise of the option Hills had granted.  Thus he deemed the bankruptcy filing to be necessary.

Hills and Debtor soon reached another agreement.  Hills agreed to enter into a month-to-month rental agreement with Debtor.  *See* Cr. Ex. B.  That agreement commenced October 28, 2008.  And another "Agreement" dated October 28, 2008, *see* Cr. Ex. C, provided an option to Debtor to buy the Property

---

[4] Debtor also characterizes this sort of financing arrangement as a Home Equity Conversion Mortgage or "HECM."

MEMORANDUM OF DECISION - 4

from Hills for $200,175.00. The option had to be exercised by a written notice provided by Debtor to Hills on or before December 1, 2008, with closing no later than 28 days after such written notice. As before, the option date was selected based on Debtor's anticipation and prediction of a date by which he would have the ability to obtain the necessary financing. Based on these agreements, Debtor dismissed the Second Bankruptcy by a § 1307(b) motion filed on October 30.

Debtor testified that, because of additional unexpected delays in promulgation of the reverse mortgage regulations under which his anticipated financing was to be acquired, he concluded that he would not be able to meet this new option deadline either. He admits that he did not give the written notice to Hills that was required under the Agreement on or before the agreed December 1 date. On December 26, 2008, Debtor filed the instant chapter 13 case.[5]

In this case, instead of listing Hills as a lessor of the Property under the October 28, 2008, lease, Debtor lists Hills as a secured creditor on the Property, which Property is shown on Debtor's schedules as his asset. Doc. No. 22 at sched.

---

[5] Debtor's timing of the bankruptcy filing stems from the evident assumption that the option was still in existence and viable through December 28. The Agreement, however, indicates that the option had to be exercised by December 1 through provision of a written notice. It was the closing of the purchase under a timely exercised option that had to be completed by December 28. Thus, it could be argued that the option lapsed on December 1 by failure of written exercise, and the 28 day period became irrelevant because there was no option to purchase to close. However, the Court need not reach these conclusions in order to resolve the matters presented.

MEMORANDUM OF DECISION - 5

A, D.[6]

Hills' Amended Motion asserts that Hills is the owner of the Property and that it desires stay relief in order to seek to evict Debtor, its tenant on the Property, under applicable nonbankruptcy law.

## DISCUSSION AND DISPOSITION

Several issues are debated by Debtor and Hills, and by the Chapter 13 Trustee, Kathleen McCallister, who also participated in the hearings. The Court concludes a threshold issue, raised by the Trustee, resolves the matter and eliminates the need for this Court to address several of the parties' contentions.

### A.    The stay terminated, prior to the hearing on the Amended Motion, by operation of § 362(c)(3)(A)

The filing of a petition for bankruptcy relief creates an automatic stay of actions against debtors and against property of debtors which, at filing, becomes property of the estate. *See* § 362(a)(1)-(8); *see also* § 541(a)(1). In 2005, however, amendments to the stay provisions of the Bankruptcy Code were made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,

---

[6] Debtors' schedule A lists the Property, alleging a current market value of $314,000 and a "secured claim" of $206,000. Responding to the requirement to list the "nature of debtor's interest in property" on that schedule, Debtor wrote: "Right to Repurchase Property to Secure Loan." *Id.* Debtor's proposed chapter 13 plan purports to treat Hills as a "secured claim not in default." *See* Doc. No. 19 at 7, ¶ 6.1. Debtor proposes to pay Hills directly the amount of $206,000 from "proceeds of HECM." *Id.* Debtor's plan also calls for monthly payments of $630.32 to the Trustee. *Id.* at 2, ¶ 1.1. In her recommendations on the plan, Trustee indicates such a payment is not feasible given Debtor's actual income. Doc. No. 30 at 1. Trustee also indicates that Debtor failed to make his February and March payments. Doc. No. 38 at 2.

MEMORANDUM OF DECISION - 6

Pub.L. No. 109-8 ("BAPCPA").

Under BAPCPA, the automatic stay no longer applies uniformly to all debtors. New § 362(c)(3)(A) limits the duration of the automatic stay for debtors who had a pending case dismissed within the 1-year preceding the most recent bankruptcy case. This section provides, in part:

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) –
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed[.]

As one court summarized:

> [Notwithstanding termination provided under § 362(c)(3)(A)], § 362(c)(3)(B) provides the stay "may" be continued beyond the 30-day period prescribed by subparagraph (A) if four minimum requirements are met: (1) a motion is filed; (2) there is notice and a hearing; (3) the hearing is completed before the expiration of the 30-day stay; and (4) the debtor proves that the filing of the new case "is in good faith as to the creditors to be stayed." *In re Charles . . .* , 332 B.R. 538, 541 (Bankr. S.D. Tex. 2005); *In re Montoya*, 333 B.R. 449,

MEMORANDUM OF DECISION - 7

>   453 (Bankr. D. Utah 2005); *In re Collins*, 335 B.R. 646, 650 (Bankr. S.D. Tex. 2005) (parsing the precise language of § 362(c)(3)(B) to determine the "minimum requirements" to continue the stay beyond the first 30 days).

*In re Castaneda*, 342 B.R. 90, 93-94 (Bankr. S.D. Cal. 2006).[7]

Debtor's present case was filed on December 26, 2008. He had been the debtor in a case under chapter 13 – the Second Bankruptcy – that was pending within the 1-year preceding December 26, 2008 and that was dismissed. *See* Case No. 08-02356-JDP, filed October 21, 2008, and dismissed by order entered November 3, 2008, on Debtor's § 1307(b) motion. The statutory prerequisite for application of § 362(c)(3)(A) is satisfied.

Under § 362(c)(3)(A), "the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case[.]" This language, which the court in *Charles* characterized as "virtually incoherent," *see* 332 B.R. at 541, has spawned disagreement among courts. *See*, *e.g.*, *Holcomb v. Hardeman (In re Holcomb)*, 380 B.R. 813, 815-16

---

[7] The task of parsing the language of § 362(c)(3)(A) is not easy. *See*, *e.g.*, *In re Trejos*, 352 B.R. 249, 254 n.7 (Bankr. D. Nev. 2006) (discussing, *inter alia*, this provision, and the decisions of *In re Paschal*, 337 B.R. 274 (Bankr. E.D.N.C. 2006) and *In re Charles*, 332 B.R. 538 (Bankr. S.D. Tex. 2005) that attempted to construe it). This Circuit's Bankruptcy Appellate Panel also noted in the process of addressing § 362(c)(4)(A)(i), that subsection (c)(4)(A)(i) is straightforward and clear, as contrasted with the far more ambiguous § 362(c)(3)(A) that has bedeviled the courts. *See Nelson v. George Wong Pension Trust (In re Nelson)*, 391 B.R. 437, 448-49 (9th Cir. BAP 2008) (discussing *Paschal* and other cases).

MEMORANDUM OF DECISION - 8

(10th Cir. BAP 2008) (observing that a minority of courts have concluded that under § 362(c)(3)(A) the stay terminates in its entirety, but that a majority of courts have concluded that the stay terminates only with respect to the debtor and the debtor's property but not as to property of the estate). *Holcomb* adopted the majority approach, *id.* at 816, as did the only other BAP yet addressing the question. *See In re Jumpp*, 356 B.R. 789, 796 (1st Cir. BAP 2006). This Circuit's BAP has yet to speak to the issue. *See Nelson*, 391 B.R. at 451 n.15 (acknowledging the holdings in *Holcomb* and *Jumpp* but expressing no opinion on this issue.)

Despite unresolved questions regarding this aspect of § 362(c)(3)(A), the operation of the statute in the context of the present case is sufficiently clear. The stay, under this subsection's language, terminates "as to the debtor" and "with respect to any lease." That is true under either the majority's or the minority's view of this amended Code language, which disagree only as to whether the stay also terminates with respect to "property of the estate." *Holcomb*, 380 B.R. at 816.

Here, Hills seeks stay relief "as to the debtor" and "with respect to [a] lease." Hills wants stay relief in order to prosecute an unlawful detainer action and evict Debtor from the Property. While Debtor argues otherwise, the evidence before this Court establishes Hills owns the Property and Debtor leases the

MEMORANDUM OF DECISION - 9

Property as his residence on a month-to-month tenancy.

Debtor's Second Bankruptcy was pending and dismissed within the 1-year preceding the filing of the present case on December 26, 2008. This created a situation where the automatic stay in the present case would last only 30 days from December 26 unless affirmatively extended by the Court. Such an extension required a motion, notice, and a hearing completed within the 30-day period. *Castaneda*, 342 B.R. at 93-94. No such motion was timely filed and timely adjudicated.[8] There was, as of January 26, no longer a § 362(a) stay applicable to Hills.

**CONCLUSION**

As Trustee argued, the § 362(a) stay terminated by operation of the BAPCPA-amended Code on January 26, 2009. Therefore, Hills Motion is moot. Hills may proceed under applicable nonbankruptcy law to seek possession of and remove Debtor from the Property. Pursuant to § 362(j), the Court will enter an

---

[8] At hearing, Debtor raised the argument that Hills' initial Motion, filed on January 26, 2009, met the requirements of the Code and provided the necessary and timely request for continuation of the stay. Thus, he argues, the various other contentions he urged were not rendered moot by an automatic termination of the stay and remained viable at the time of hearing. The Motion cannot be given such an effect. First, even though Hills would be a "party in interest," its Motion was not one "for *continuation* of the automatic stay" as required by § 362(c)(3)(B). Second, the Motion was not heard, on notice, with such hearing "completed before the expiration of the 30-day period." While other statutory requirements were also unmet, these two points are enough to squelch Debtors' reliance on Hills' Motion as somehow meeting the burdens imposed by § 362(c)(3)(B). The Court also notes that Debtor's own request for continuation of the stay, made in Doc. No. 31 (his "reply" to Hills' Amended Motion) was untimely, as it was filed on February 19, after the 30-day period had run.

MEMORANDUM OF DECISION - 10

order confirming termination of the stay.

DATED: April 22, 2009



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 11

**CERTIFICATE OF SERVICE**

     A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

James M. Jones
3426 Hillcrest Dr.
Boise, ID 83705

Case No. 08-02939-TLM

Dated: April 22, 2009


     /s/
Suzanne Hickok
Law Clerk to Chief Judge Myers